

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **MISTY HOOD,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| v. | ) |
| | ) CIVIL ACTION NUMBER: |
| **HOLLOWAY CREDIT** | ) |
| **SOLUTIONS, L.L.C.,** | ) |
| | ) JURY TRIAL DEMANDED |
| **DEFENDANT.** | ) |

### PLAINTIFF'S COMPLAINT

 This is an action brought by the Plaintiff, Misty Hood, for actual and statutory damages, attorney's fees, and costs for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").  The Plaintiffs also seek compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

 This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendant transacted business here and the Plaintiff resides here.

### PARTIES

1. The Plaintiff, Misty Hood, is a resident and citizen of the state of Alabama, DeKalb County, and is over the age of twenty-one (21) years.

2. The Defendant, Holloway Credit Solutions, L.L.C. ("Holloway"), is a domestic limited liability company formed in Alabama, and was, in all respects and at all times relevant herein, doing business in DeKalb County, Alabama. The Defendant Holloway is engaged in the

business of collecting consumer debts from consumers residing in DeKalb County, Alabama and is a "debt collector," as that term is defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

3. The principal purpose of Defendant Holloway's business is the collection of debts.

4. Defendant Holloway regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another entity.

5. Defendant Holloway is a debt collector subject to the provisions of the FDCPA.

6. The alleged debt that Defendant Holloway was seeking to collect from Plaintiff Hood was for personal, household, or family uses.

7. In or around August 2017, Defendant Holloway began collection activities on a debt Defendant Holloway alleged was owed by Plaintiff Hood to an entity that is not a party to this litigation.

8. In August 2017, Defendant Holloway left several messages via voicemail on her mother's phone in which Defendant Holloway disclosed information about the debt in violation of the law.

9. At least two (2) of these communications happened on August 15, 2017 and November 3, 2017.

10. These messages were intended to embarrass Plaintiff Hood by disclosing the debt to her family and to pressure Plaintiff Hood and/or her mother, Anita Berry, into paying Defendant Holloway.

11. The communications caused Plaintiff embarrassment, mental anguish, and other physical and mental harm.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

12. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

13. The Defendant Holloway has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*.

14. As a result of the Defendant Holloway's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

15. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

16. The Defendant Holloway knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

17. The Defendant Holloway knew or should have known that said conduct was improper.

18. The Defendant Holloway negligently failed to train and supervise agents and employees in order to prevent said improper conduct.

19. The Defendant Holloway negligently failed to train and supervise agents and employees on the FDCPA.

20. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS/WANTON TRAINING AND SUPERVISION

21. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

22. The Defendant Holloway knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

23. The Defendant Holloway knew or should have known that said conduct was improper.

24. The Defendant Holloway recklessly and wantonly failed to train and supervise agents and employees in order to prevent said improper conduct.

25. The Defendant Holloway recklessly and wantonly failed to train and supervise collectors on the FDCPA.

26. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## NEGLIGENCE

27. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

28. Defendant Holloway knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

29. Defendant Holloway knew or should have known that said conduct was improper.

30. Defendant Holloway negligently failed to prevent and/or participated in improper collection activities.

31. As a result of the Defendant Holloway's negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT FIVE
## RECKLESSNESS AND WANTONNESS

32. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

33. Defendant Holloway knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

34. Defendant Holloway knew or should have known that said conduct was improper.

35. Defendant Holloway recklessly and wantonly failed to prevent and/or participated in improper collection activities.

36. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands a judgment against Defendant Holloway as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant Holloway for the violations of the FDCPA (15 U.S.C.§ 1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant Holloway pursuant to 15 U.S.C.§ 1692k;

E.   Compensatory and punitive damages against the Defendant Holloway on Plaintiff's state law claims for damages; and,

F.   Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

/s/ *John C. Hubbard*
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**John C. Hubbard, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com

**PLAINTIFF'S ADDRESS:**
Misty Hood
P.O. Box 680604
Fort Payne, AL 35968

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**
HOLLOWAY CREDIT SOLUTIONS, LLC
Reg. Agt. John M. Holloway, Jr.
1286 Carmichael Way
Montgomery, AL 36106